IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CR3042 |
| | ) | |
| v. | ) | |
| | ) | |
| JENNIFER LYNN BROWN, | ) | MEMORANDUM |
| | ) | AND ORDER |
| Defendant. | ) | |
| | ) | |

Jennifer Lynn Brown (Brown) has submitted a Motion to Vacate under 28 U.S.C. § 2255 (filing no. 124) and motion to appoint counsel (filing no. 125). After initial review, both motions will be denied because the files and records conclusively establish that the claims asserted by Brown are frivolous.

By appointment, Brown was represented by Robert Creager. Creager is among the best, most experienced and zealous criminal defense lawyers in Nebraska. Brown, who was charged with a "crack" conspiracy, entered into a Rule 11(c)(1)(C) plea agreement calling for a sentence of 151 months and five years of supervised release. The plea agreement also contained an appeal waiver.

The government's case against Brown was very strong and it involved a lot of crack.[1] (E.g., filing no. 78, PSR ¶¶ 17-22.) Brown was 44 years of age and she had an extensive criminal record including a prior state conviction where she was sentenced to 18 to 36 months in prison for distributing crack cocaine. (PSR at page 1 and ¶¶ 41-61.) She was no novice when it came to the criminal justice system.

---

[1]Brown was held responsible for 1.47 kilos of crack and her base offense level was 34. As a result, I later denied Brown's request for a sentence reduction under the Fair Sentencing Act because the Act did not change Brown's base offense level. (Filing no. 111.)

Judge Zwart carefully and thoroughly explained the nature of the plea agreement to Brown, and the judge spent extra time explaining the mandatory nature of a sentence called for by an accepted Rule 11(c)(1)(C) plea agreement. (Filing no. 53.) I deferred acceptance of the plea agreement until the time of sentencing. At sentencing, I specifically inquired of Brown whether she wanted me to adopt the plea agreement understanding that it called for a sentence of 151 months in prison. Brown requested that I adopt the plea agreement. (Filing no. 77.) Brown was then sentenced in accordance with the plea agreement and no appeal was taken.

Brown alleges that she was denied the right to appeal because of the waiver in the plea agreement and she believes those facts somehow prove a violation of her federal rights. Brown also attacks Creager because he did not do enough to help her. Essentially, Brown argues that she was scared and rushed into the plea agreement and "now that I am in prison I feel that my counsel was not effective." (Filing 124 at CM/ECF p. 5.)

Brown's section 2255 motion is easily resolved. First, "[a]s a general rule, a defendant is allowed to waive appellate rights" and the courts will normally enforce those waivers. *United States v. Andis*, 333 F.3d 886, 889 (8th Cir. 2003) (en banc). Thus, Brown is not entitled to any relief on her claim regarding the appeal waiver unless she can show that it was not knowing and voluntary or that the waiver resulted in a miscarriage of justice. *Id.* at 889-890. There is not the slightest indication in the record that the appeal waiver was not knowing and voluntary or that the appeal waiver resulted in a miscarriage of justice. On the contrary, the record reflects that Brown was carefully advised of the nature of the plea agreement and that she understood it. Moreover, the sentence that she received was certainly fair and just. In fact, the 151 month sentence was at the mid-point of the custodial range of 135 to 168 months under the Guidelines. (PSR ¶ 89.) Still further, by entering into the plea agreement, Brown avoided the government filing an information charging the prior drug felony which would have triggered a 20 year statutory minimum. (*Id.* (citing 21 U.S.C. § 841(b)(1).)

-2-

Second, the claim that Creager was ineffective is preposterous.  Under the well-known *Strickland*[2] standard, Brown has failed to make the slightest showing that Creager performed below the standard required of lawyers and she has likewise failed to show any prejudice.

IT IS ORDERED that Brown's Motion to Vacate under 28 U.S.C. § 2255 (filing no. 124) and her motion for appointment of counsel (filing no. 125) are denied. A separate judgment will be entered.

DATED this 14th day of February, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

[2]*Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).