# UNITED STATES DISTRICT COURT
for the

District of Nebraska

| | |
|---|---|
| United States of America<br>v.<br>Jennifer Lynn Brown | Case No: 4:10CR3042<br>USM No: 23311-047 |
| Date of Original Judgment: 02/04/2011<br>Date of Previous Amended Judgment:<br>*(Use Date of Last Amended Judgment if Any)* | John C. Vanderslice<br>*Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☐ DENIED.   ☑ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of 151 months **is reduced to** 122 months.

*(Complete Parts I and II of Page 2 when motion is granted)*

The defendant shall not be released any earlier than November 1, 2015.

Except as otherwise provided, all provisions of the judgment dated 02/04/2011 shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 02/16/2016                           s/ Richard G. Kopf
                                                 *Judge's signature*

Effective Date: 11/01/2015                       Richard G. Kopf, Senior United States District Judge
*(if different from order date)*                  *Printed name and title*

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT: Jennifer Lynn Brown
CASE NUMBER: 4:10CR3042
DISTRICT: District of Nebraska

## I. COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

Previous Total Offense Level: 31              Amended Total Offense Level: 29
Criminal History Category: III                Criminal History Category: III
Previous Guideline Range: 135 to 168 months   Amended Guideline Range: 120 to 135 months

## II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☑ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

## III. ADDITIONAL COMMENTS

Filing no. 146 is granted as provided herein.

See attachment for further explanation.

Attachment to Amendment 782 reduction on February 16, 2016 in 4:10CR3042

The plea agreement in this case was *explicitly* based upon the Guidelines. That writing plainly states that: "This agreement is based on the defendant's role in the offense, criminal history, and acceptance of responsibility." (Filing No. 48 at CM/ECF p. 3) Accordingly, the defendant is not categorically barred from a reduction. *Freeman v. United States*, 131 S. Ct. 2685, 2688 (2011) (Five Members of the Court agree that this judgment must be reversed. The Justices who join the plurality opinion conclude that the categorical bar enacted by the Court of Appeals finds no support in § 3582(c)(2), Rule 11(c)(1)(C), or the relevant Guidelines policy statements. In every case the judge must exercise discretion to impose an appropriate sentence. This discretion, in turn, is framed by the Guidelines. And the Guidelines must be consulted, in the regular course, whether the case is one in which the conviction was after a trial or after a plea, including a plea pursuant to an agreement that recommends a particular sentence. The district judge's decision to impose a sentence may therefore be based on the Guidelines even if the defendant agrees to plead guilty under Rule 11(c)(1)(C). Where the decision to impose a sentence is based on a range later subject to retroactive amendment, § 3582(c)(2) permits a sentence reduction.)

Furthermore, as Justice Sotomayor, who concurred in the judgment explained,

> if the Government wants to ensure ex ante that a particular defendant's term of imprisonment will not be reduced later, the solution is simple enough: Nothing prevents the Government from negotiating with a defendant to secure a waiver of his statutory right to seek sentence reduction under § 3582(c)(2), just as it often does with respect to a defendant's rights to appeal and collaterally attack the conviction and sentence. See 18 U.S.C. § 3742; 28 U.S.C. § 2255 (2006 ed., Supp. III); see also App. 28a–29a (provision in Freeman's agreement expressly waiving both rights). In short, application of § 3582(c)(2) to an eligible defendant does not—and will not—deprive the Government of the benefit of its bargain.
>
> *Id.* at 2699.

The government made no attempt to do so here. But it *did* secure a waiver of the right to appeal and to collaterally attack the conviction. (Filing No. 48 at CM/ECF p. 3-4.)

Still further, where "'[w]here a plea agreement is ambiguous, the ambiguities are construed against the government.'" *United States v. Brown*, 793 F.3d 900, 901 (8th Cir. 2015) (citation omitted) (reversing and holding that defendant's plea agreement employed Sentencing Guidelines in establishing term of imprisonment, and thus he was eligible for reduction of sentence).

I acknowledge that my earlier ruling on August 29, 2012 (filing no. 129) is inconsistent with this ruling.[1] That admitted, no briefs were submitted when I ruled earlier. In contrast, I have well-reasoned briefs on the pending motion, and those briefs have clarified the law for me.

Therefore, I reduce the defendant's sentence from 151 months to 122 months as recommended by the probation officer.

---

[1] I am reminded of the old saying, "Consistency is the hobgoblin of small minds."